

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PATRICK HAYES, an individual, | Case No.:  25-CV-1742-GPC-BLM |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW** |
| v. | |
| COUNTY OF SAN DIEGO, EL CAJON POLICE DEPARTMENT, KELLY MARTINEZ in her individual capacity, JEREMIAH LARSON in his individual capacity, SHERIFF'S DEPUTY DOES 1-10, | **[ECF No. 34]** |
| Defendants. | |

This lawsuit arises from alleged mistreatment experienced by Plaintiff while in custody at the San Diego County Sherriff's Central Jail. *See* ECF No. 1. Currently pending before the Court is Plaintiff's counsel's motion to withdraw as counsel. ECF No. 34. Defendants have not opposed the motion. Having considered Plaintiff's counsel's unopposed motion, the Court GRANTS the motion to withdraw as counsel.

//

1

25-CV-1742-GPC-BLM

## BACKGROUND

On July 8, 2025, Plaintiff James Patrick Hayes filed his complaint against Defendants alleging fifteen separate claims regarding alleged mistreatment he experienced at the San Diego County Sherriff's Central Jail on the evening of February 8, 2025. ECF No. 1. Plaintiff's counsel now moves to withdraw based on one or more grounds specified in the California Rules of Professional Conduct. *See* ECF No. 36. Defendants have not opposed the motion, despite being given the opportunity to do so. *See* ECF No. 35.

Plaintiff's counsel asserts that he has conferred with Plaintiff several times and provided him with a formal letter explaining the circumstances giving rise to this motion. ECF No. 36, at 2. Plaintiff has declined to respond. *Id.*

## LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). Civil Local Rule 83.3(f)(3) further requires an attorney to serve any motion to withdraw on the adverse party and his client and to file a declaration pertaining to such service. Civ. L.R. 83.3(f)(3). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. *See La Grand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *Stewart v. Boeing Co.*, No. CV-12-5621-RSWL, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013).

Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Deal v. Countrywide Home Loans*, No. C09 01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

Danger of prejudice is minimized when a "case is still in its infancy," "there are no immediately scheduled hearings," and the opposing party receives "notice of [counsel's]

intent to withdraw." *Gurvey v. Legend Films, Inc.*, No. 09-CV-942-IEG, 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010). Further, this district's local rules incorporate "the standards of professional conduct required by members of the State bar of California," Civ. L.R. 83.4(b), which in turn state that counsel is not to withdraw without taking "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel." *Skazzi3 Capital Ltd. v. Pathway Genomics Corp.*, No. 3:18-CV-00317-BEN, 2019 WL 6878871, at *1 (S.D. Cal. Dec. 17, 2019) (quoting Cal. R. of Prof. Conduct 3-700(A)(2)).

## DISCUSSION

Here, counsel seeks to withdraw based on one or more grounds specified in the California Rules of Professional Conduct. *See* ECF No. 36. Counsel has further complied with the Civil Local Rules by filing a sworn declaration indicating that he has served his motion to withdraw, declaration, statement of reasons in support of the motion to withdraw, and proposed order on both opposing counsel and Plaintiff. *See* Civ. L.R. 83.3(f)(3); ECF No. 34.

No party has opposed the motion, and no prejudice has been shown. Additionally, this case is in its early stages, there are no pending hearings, and Defense counsel has received notice of counsel's intent to withdraw. *See Gurvey*, 2010 WL 2756944, at *1.

Plaintiff's counsel has informed Plaintiff of the reasons for withdrawal and taken steps to avoid prejudice to Plaintiff, such as completing efforts to obtain health records which he will provide to Plaintiff and equipping Plaintiff with a summary of next steps in this case. ECF No. 36, at 2. Should Plaintiff obtain new counsel, current counsel avers that he will provide new counsel with the record and meet and confer to provide new counsel with a full update on this matter. *Id.* at 2-3.

25-CV-1742-GPC-BLM

Given the early stage of the proceedings, there is no evidence that counsel's withdrawal will delay this matter, nor that withdrawal might harm the administration of justice.

Accordingly, the Court **GRANTS** Plaintiff's counsel's motion to withdraw as counsel.

### CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that:

1. Plaintiff's counsel's motion to withdraw, ECF No. 34, is **GRANTED**;
2. The Clerk of Court **SHALL** update the docket to reflect the withdrawal of Mr. Owen Roth and his law firm as counsel for Plaintiff;
3. The Court grants Plaintiff **forty-five (45) days from the date of this Order** to obtain new counsel or notify the Court that he intends to proceed *pro se*;
4. Though relieved, counsel **SHALL** provide a copy of this Order to Plaintiff and explain the above 45-day deadline;
5. The Court **VACATES** the hearing previously set for April 3, 2026.

**IT IS SO ORDERED.**

Dated:  March 3, 2026

Hon. Gonzalo P. Curiel
United States District Judge

4

25-CV-1742-GPC-BLM