

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PATRICK HAYES, an individual,<br><br>                          Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, EL CAJON POLICE DEPARTMENT, KELLY MARTINEZ in her individual capacity, JEREMIAH LARSON in his individual capacity, SHERIFF'S DEPUTY DOES 1-10,<br><br>                          Defendants. | Case No.:  25-CV-1742-GPC-BLM<br><br>**ORDER RE: PLAINTIFF'S LETTER TO THE COURT**<br><br>**[ECF No. 40]** |

On June 4, 2026, Plaintiff James Hayes—currently proceeding pro se—filed a letter with the Court. ECF No. 40. The letter discusses Plaintiff's current circumstances and unsuccessful attempts to retain counsel, as well as the factual allegations giving rise to his claims. *Id.* The letter also discusses various additional topics that seemingly do not relate to the case before the Court. *Id.*

At the end of the letter, Plaintiff notes that "I wish to amend the initial complaint filed on my behalf to address the injustices suffered while in custody multiple times as well as continued lies about me threatening my liberty[.]" ECF No. 40, at 6.

Per Federal Rule of Civil Procedure 15(a)(2), Plaintiff can amend his complaint either (1) with the opposing party's written consent, or (2) with leave from the Court. Fed. R. Civ. P. 15(a)(2). If Plaintiff cannot obtain consent from the opposing party, then he should file a motion for leave to file an amended complaint with the Court.

Leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir. 2001)).

When considering whether to grant leave to amend, courts consider factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962). In the Ninth Circuit, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under [Federal Rule of Civil Procedure] 15(a) in favor of granting leave to amend." *Id* (emphasis in original).

If Plaintiff seeks to amend his complaint, the Court DIRECTS Plaintiff to follow the procedures outlined in Rule 15 and either (1) obtain consent from the opposing party or (2) file a motion for leave to file an amended complaint with the Court.

IT IS SO ORDERED.

Dated:  June 10, 2026

Hon. Gonzalo P. Curiel
United States District Judge

2

25-CV-1742-GPC-BLM